Honorable Leif B. Erickson
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
201 East Broadway, Room 370
Missoula, MT  59802

```
         IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MONTANA
                   MISSOULA DIVISION
```
_____

GABRIELLE WESCOTT, and
ANNABELLE HEASLEY,                CAUSE NO. CV 05-130-M-LBE

        Plaintiffs,

   vs.                            FINDINGS AND RECOMMENDATION
                                  OF UNITED STATES MAGISTRATE
                                  JUDGE

NORTHWEST DRUG TASK FORCE,
FLATHEAD COUNTY SHERIFF, FLATHEAD
COUNTY ATTORNEY'S OFFICE,
KALISPELL POLICE DEPARTMENT,
WHITEFISH POLICE DEPARTMENT,
COLUMBIA FALLS POLICE DEPARTMENT,
MINERAL COUNTY SHERIFF'S OFFICE,
MINERAL COUNTY ATTORNEY'S OFFICE,
LAKE COUNTY SHERIFF'S OFFICE, LAKE
COUNTY ATTORNEY, RONAN POLICE
DEPARTMENT, POLSON POLICE DEPARTMENT,
SANDERS COUNTY SHERIFF'S OFFICE,
HOT SPRINGS POLICE DEPARTMENT,
THOMPSON FALLS POLICE DEPARTMENT,
LIBBY POLICE DEPARTMENT, LINCOLN
COUNTY ATTORNEY, EUREKA POLICE
DEPARTMENT, DOES 1-100, LINCOLN
COUNTY SHERIFF'S OFFICE,

        Defendants.
_____

    This matter comes before the Court on Defendants' Motion for

Summary Judgment and Alternative Motion for Partial Summary

ORDER/ Page 1

Judgment. Upon consideration of the briefs and materials of record, the Court enters the following:

## RECOMMENDATION

IT IS RECOMMENDED that Defendants' Motion for Summary Judgment and Alternative Motion for Partial Summary Judgment be **GRANTED**. The Lake County Defendants, Sanders County Defendants, and Northwest Drug Task force are entitled to summary judgment on all claims except Plaintiffs' claim for intentional infliction of emotional distress. The remaining Defendants are entitled to summary judgment on all claims leveled against them.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this  5th  day of June, 2006.

　　　　　　　　　　　　　　　　  /s/ Leif B. Erickson
　　　　　　　　　　　　　　　　 Leif B. Erickson
　　　　　　　　　　　　　　　　 United States Magistrate Judge

## RATIONALE

Plaintiffs commenced this action in July 2005, asserting several claims arising out of the execution of a search warrant some two years earlier at a rental house they occupied. Pls.'

Compl. 3-5 (July 28, 2005).  Specifically, Plaintiffs have alleged claims against the many Defendants for negligence, negligent and intentional infliction of emotional distress, and punitive damages.  *Id*. at 5-8.  Plaintiffs also assert a claim under 42 U.S.C. § 1983, alleging violations of their Fourth Amendment right to be free from unlawful search and seizure. *Id.* 6.

All of the Defendants have moved for summary judgment on all of Plaintiffs' claims.  However, Defendants Lake County, Sanders County, and the Northwest Drug Task Force have moved in the alternative for summary judgment on all of Plaintiffs' claims but for the claim of intentional infliction of emotional distress, and there briefing supports only this latter alternative motion. Mot. for S.J. at p. 2, Br. in Support at p.3.

## I.   Applicable Law - Summary Judgment Standards

A party moving for summary judgment is entitled to such if the party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the nonmoving party. *Id*. at 252.

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party has met his initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The nonmoving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions. *Id*. Rule 56(e) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

In addition, Local Rule 56.1(b) requires that the nonmoving party "file a Statement of Genuine Issues setting forth the specific facts, if any, that establish a genuine issue of material fact precluding summary judgment in favor of the moving party." L.R. 56.1(b). The rule expressly requires that the

ORDER/ Page 4

statement "refer to a specific portion of the record where the fact may be found (e.g., affidavit, deposition, etc.)." L.R. 56.1(b).

Here, Plaintiffs have not filed a Statement of Genuine Issues in response to Defendants' motion as required by L.R. 56.1(b). Nor have they cited to any materials of record to demonstrate the presence of any genuine issues of material fact. Because Plaintiffs have not filed a Statement of Genuine Issues or otherwise pointed to any materials of record in opposition to Defendants' motion, this Court will take as true those facts set forth by the moving Defendants in their Statement of Uncontroverted Facts.[1]

## II.  Factual Background

Defendants, with the exception of the Thompson Falls Police Department and the Northwest Drug Task Force were all signatories

---

[1] Plaintiffs ask that the Court order oral argument on Defendants' motion, and request that they be allowed to supplement the factual record at that time. Fed. R. Civ. P. 56(f) provides that if "it appear[s] from the affidavits of a party opposing [a motion for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Plaintiffs in this case have failed to explain why they could not timely obtain the requisite affidavits and discovery to effectively oppose Defendants' motion. Because the Plaintiffs have failed to submit an affidavit explaining why such a continuance would be necessary, the Court will address Defendants' motion on the merits at this time.

to the Northwest Drug Task Force Agreement that was in effect from July 1, 2003 to June 30, 2004.  State. Uncontroverted Facts, ¶ 1 (citing Exh. A. to Affidavit of Frank Garner (Oct. 6, 2005)).  Defendant Thompson Falls Police Department was not a signatory to the Northwest Drug Task Force Agreement that was in effect from July 1, 2003 to June 30, 2004.  *Id.*, ¶ 2 (citing Affid. Of Chuck Hammett, ¶ 4 (Oct. 12, 2005)).

On or about July 28, 2003, Officer Gene Fenton, an officer with the Salish Kootenai Tribal Police and an agent with the Northwest Drug Task Force, applied to the Montana Twelfth Judicial District, Sanders County, for a warrant to search a house in Plains, Montana that was occupied by Plaintiff Gabrielle Wescott.  *Id.*, ¶ 3 (citing Aff. Gene Fenton, ¶¶ 2-4 (Sept. 30, 2005)).  No agents or employees of any Defendant other than Lake County, Sanders County, the Confederated Salish and Kootenai Tribal Police and the Northwest Drug Task Force assisted Officer Fenton with or had any involvement with the application for the search warrant.  *Id.*, ¶ 4 (citing Aff. Fenton ¶ 5).

On July 28, 2003, the Montana Twelfth Judicial District Court issued a search warrant. *Id.*, ¶ 5 (citing Aff. Fenton ¶ 6).  The search warrant was executed the following day at the house occupied by Plaintiff Gabrielle Wescott.  *Id.*, ¶ 6 (citing Aff. Fenton ¶ 7).  No agents or employees of any Defendant other than Lake County, Sanders County, the Confederated Salish and Kootenai

Tribal Police, and the Northwest Drug Task Force participated in or were present for the execution of the search warrant.  To the best of Officer Fenton's knowledge, no agents or employees of any Defendant other than Lake County, Sanders County, the Confederated Salish and Kootenai Tribal Police and the Northwest Drug Task Force had any knowledge of the application for the search warrant or the execution of the search warrant until after the warrant was executed, if they had any knowledge of those matters at all.  *Id.*, ¶ 8 (Aff. Fenton ¶ 10).  At the time of the application for the search warrant, the Thompson Falls Police Department did not have any control over the Northwest Drug Task Force, involvement with the Northwest Drug Task Force or duties with respect to the Northwest Drug Task Force.  *Id.*, ¶ 9 (Aff. Hammett ¶¶ 5,6,7).

## III.  Discussion

### A.  Negligence and Negligent Infliction of Emotional Distress

Plaintiffs claim the Defendants were negligent in securing and executing the search warrant and in overseeing the activities of the Northwest Drug Task Force.  Complaint, ¶¶ 31, 33 (July 28, 2005).  The negligence claim thus rests on the premise that Defendants owed Plaintiffs' two distinct duties: (1) the duty to act in good faith in securing and executing the warrant to search the house Plaintiffs were occupying, and; (2) the duty to oversee the standards and activities of the Northwest Drug Task Force.

ORDER/ Page 7

Compl. at ¶¶ 31, 33.  Defendants have moved for summary judgment on this claim on the basis that they did not owe a legal duty to Plaintiffs.  Relying on the public duty doctrine, they argue that Plaintiffs' negligence claim fails as a matter of law because "any duty the Defendants might have had was owed only to the public at large and not specifically to Plaintiffs."  Defs.' Mot. S.J. 4.

To prevail on their negligence claim, Plaintiffs must establish "the existence of a duty, breach of duty, causation, and damages."  *Jackson v. State of Montana*, 956 P.2d 35, 42 (Mont. 1998).  "Actionable negligence arises only from the breach of a legal duty." *Nautilus Insurance Company v. First National Insurance, Inc.*, 837 P.2d 409, 411 (1992).  Whether a duty exists in any given case is a question of law for the court to decide.  *Jackson*, 956 P.2d at 42; *Estate of Strever v. Cline*, 924 P.2d 666, 669 (Mont. 1996).

Where, as here, negligence claims against public entities are at issue, the court must consider the "public duty" doctrine.  *Massee v. Thompson*, 90 P.3d 394, 403 (Mont. 2004).  The public duty doctrine provides that a governmental entity cannot be held liable for an individual plaintiff's injury resulting from a governmental officer's breach of a duty owed to the general public rather than to the individual plaintiff.  *Id*.  In other words, "a duty owed to all is a duty owed to none."  *Nelson v.*

*Driscoll*, 983 P.2d 972, 977(Mont. 1999).

An exception to the public duty doctrine comes about when a "special relationship" between the victim and governmental officer has been created. *Id*. at 978. The Montana Supreme Court has held that a special relationship can be created under any of the following circumstances:

> 1) by a statute intended to protect a specific class of persons of which the plaintiff is a member from a particular type of harm; 2) when a government agent undertakes a specific action to protect a person or property; 3) by governmental actions that reasonably induce detrimental reliance by a member of the public; and 4) under certain circumstances, when the agency has actual custody of the plaintiff or of a third person who causes harm to the plaintiff.

*Id*.

Here, Plaintiffs claim that Defendants owed them a duty to act in good faith in securing and executing a search warrant, and to oversee the standards and activities of the Northwest Drug Task Force. According to Defendants, however, even assuming "such duties existed, those duties would be owed only to the public as a whole and not to Plaintiffs as specific members of the public." Defs.' Br. in Support, 6-7. Moreover, Defendants contend that no special relationship existed between the parties that would give rise to a special duty. *Id*. at 7. With respect to the individual elements of the special relationship exception to the public duty doctrine, Defendants claim that no statute exists to protect a specific class of people of which Plaintiffs

ORDER/ Page 9

are a member, that they undertook no specific action to protect Plaintiffs from harm, that they did not take any action that would have reasonably induced detrimental reliance by Plaintiffs, and that they did not have actual custody of Plaintiffs at any time. *Id*. Defendants argue that because Plaintiffs cannot establish that Defendants owed them a legal duty, their negligence claim fails as a matter of law.

Plaintiffs agree "that application of the public duty doctrine is appropriate in this case," but argue that a special relationship does exist here, thereby giving rise to a duty on the part of the Defendants. Pls.' Resp to Def.'s Mot. S.J. 2. Pointing to the first prong of the special relationship exception, Plaintiffs contend that certain Montana statutes were designed to protect a specific class of persons, of which they are members, from a particular type of harm. *Id*. at 3. Specifically, Plaintiffs first cite to Mont. Code Ann. § 46-5-220, which allows a peace officer to apply for a search warrant. *Id*. Second, Plaintiffs refer to Mont. Code Ann. § 46-5-221, which requires a peace officer to state facts sufficient to support probable cause to believe evidence associated with the offense is located on the premises identified in the search warrant. *Id*. Third, Plaintiffs point to Mont. Code Ann. § 46-5-228, which they allege imposes a duty on peace officers to conduct searches in a reasonable fashion. *Id*.

Plaintiffs rely on *Orr v. Montana*, 106 P.3d 100 (Mont. 2004), for the proposition that a statute need not be specific to protect a class of citizens. In *Orr*, the Montana Supreme Court examined whether the State of Montana had a special relationship with miners in Libby, Montana, thereby negating the public duty doctrine. The statutes at issue in *Orr* "were intended to protect workers from occupational diseases." *Id*. at ¶ 44. As the *Orr* court explained, those "statutes were designed to protect men and women working in the various industries in Montana from occupational disease. Libby Miners are undeniably members of this specific class of persons." *Id.*

Unlike the statutes at issue in *Orr*, the statutes Plaintiffs cite to in this case describe the requirements for peace officers to properly obtain and execute search warrants in Montana. Mont. Code Ann. §§ 46-5-220, 46-5-221, and 46-5-228. These laws protect all Montana citizens. It is a strained argument to suggest that Plaintiffs, as the individuals who were present during the search at issue, are somehow members of a specific protected class like the Libby miners were in *Orr*. The same level of protections afforded by the statutes cited above are offered to *all* individuals, not to any *specific* individual or, as in *Orr*, any specific class of persons. Because the statutes were not intended to protect a specific class of persons from a particular type of harm, they do not give rise to a special

ORDER/ Page 11

relationship sufficient to overcome the strictures of the public duty doctrine.

Furthermore, as Defendants note in reply, to the extent Plaintiffs rely on Mont. Cod Ann. §§ 46-5-220 and 46-5-221, M.C.A., they have failed to point to any evidence of record to support their apparent allegation that the search warrant was improperly obtained. Thus, even assuming Defendants owed Plaintiffs a duty under those statutes, Plaintiffs have failed to raise a genuine issue of material fact as to whether Defendants breached that duty.

Plaintiffs also argue that the Montana Constitution imposes duties for the protection of a specific class of individuals of which Plaintiffs are members. *Id*. at 4. In particular Plaintiffs refer to the right to equal protection under Article II, Section 4, the right to privacy under Article II, Section 10, and the right to be free from unreasonable search and seizure under Article II, Section 11. *Id*. As the Montana Supreme Court has recognized, however, a separate "cause of action for money damages for violation of those" Constitutional rights is available. *Dorwart v. Caraway*, 58 P.3d 128, 137 (Mont. 2002). Plaintiffs have not brought any such claims in this case, and do not allege in their Complaint that Defendants violated their rights under the Montana Constitution.

Based on the foregoing, this Court concludes that Plaintiffs

cannot establish that Defendants owed to them as an individual or as members of a specific class of persons a particular legal duty, and their negligence claim therefore fails as a matter of law.

Defendants have also moved for summary judgment on Plaintiffs' claim for negligent infliction of emotional distress. As Defendants note, proof of negligence is a prerequisite to a claim of negligent infliction of emotional distress. *Sacco v. High County Indep. Press, Inc.*, 896 P.2d 411, 425 (1995). Because Plaintiffs' negligence claim fails as a matter of law, so too for their claim for negligent infliction of emotional distress. Defendants' motion to dismiss Plaintiffs' claims for negligent infliction of emotional distress should thus be granted as well.

B.  Section 1983

Plaintiffs assert a claim under 42 U.S.C. § 1983, alleging that "the agents and employees" of the Northwest Drug Task Force violated their constitutional right to be free from unlawful or unreasonable searches and seizures. Complaint, ¶¶ 41-49.  In general, to establish a claim under 42 U.S.C. § 1983, a "plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right.'" *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699

(9th Cir. 1988). To impose § 1983 liability on a local governmental entity for failing to preserve constitutional rights, a plaintiff must demonstrate: "(1) that [he] possessed a constitutional right of which he was deprived; (2) the municipality had a policy, custom, or practice; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Harry A. v. Duncan*, 351 F.Supp.2d 1060, 1069 (D. Mont. 2005) (citing *Oviatt v. Pierce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

A local government may not be sued under § 1983 based solely on the actions of its employees or agents. *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 694 (1978). However, as noted above, "it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.*

Plaintiffs in this case have failed to point to or allege any "policy or custom" on the part of the municipal Defendants with respect to the issuing and execution of search warrants. In addition, Plaintiffs have not cited to any materials of record suggesting that any such policy exists. Nor have Plaintiffs verified the allegations in their complaint in any way. The Rules of Civil Procedure are clear - the party opposing summary judgment cannot rest upon its complaint or answer, but must show

ORDER/ Page 14

specific facts that set forth a genuine issue of material fact. Fed. R. Civ. P. 56(e). In the absence of evidence of a genuine issue of material fact as to whether a municipal policy or custom exists, Plaintiffs' Section 1983 claims should be summarily dismissed.

This Court also notes that the various police departments named as defendants in this action are not distinct legal entities capable of suing or being sued. *See Boren v. City of Colorado Springs*, 624 F.Supp.474 (D. Colo. 1985); *Gillespie v. City of Indianapolis*, 13 F.Supp.2d 811, 816 (S.D. Ind. 1988). Plaintiffs' Section 1983 claims against the police departments fail for this reason as well.

C. <u>Intentional Infliction of Emotional Distress</u>

Plaintiffs claim they suffered severe emotional distress as a result of the Defendants' intentional actions in providing "faulty, stale and incomplete information" on the search warrant application, and in executing the search warrant. Complaint, ¶¶ 51, 52. All Defendants except for Lake County, Sanders County, and the Northwest Drug Task Force have moved for summary judgment on this claim on the basis that they did not participate in the acts that Plaintiffs allege caused them severe emotional distress. For support, they point to the uncontroverted affidavit of Gene Fenton, a police office employed by the Confederated Salish and Kootenai Tribal Police and an agent with

the Northwest Drug Task Force.  Aff. Gene Fenton (Sept. 30, 2005).  According to Fenton, "[n]o agents or employees of any Defendant other than Lake County, Sanders County, the Confederated Salish and Kootenai Tribal Police and the Northwest Drug Task Force assisted with the application for the search warrant" or participated in the execution of the warrant.  Aff. Fenton, ¶¶ 4, 7.

Plaintiffs have failed to point to any materials of record to rebut Defendants' assertion.  They have failed to point to any materials of record to suggest that the severe emotional distress they allege they suffered was the reasonably foreseeable consequence of the moving Defendants' intentional acts or omissions.  *See Sacco v. High Country Independent Press, Inc.*, 896 P.2d 411, 427 (Mont. 1995).  As a result, the moving Defendants, except for Lake County, Sanders County, and the Northwest Drug Task Force, are entitled to summary judgment on Plaintiffs' claim for intentional infliction of emotional distress.[2]

### D.  Punitive Damages

Plaintiffs have asserted a claim for punitive damages against all Defendants.  Compl., ¶¶ 72-77.  Defendants have in turn moved for summary judgment on the basis that punitive damages are unavailable under state and federal law.  Montana

---

[2] Again, as earlier noted, these parties are excepted based on the briefing submitted.

Code Annotated § 2-9-105 provides that "state and other governmental entities are immune from exemplary and punitive damages." "Governmental entities" include cities, counties, and municipal corporations. Mont. Code Ann. § 2-9-101(3), (5). The United States Supreme Court has also held that municipalities are immune from punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). It is thus clear that punitive damages are unavailable against the Defendants in this case, and Plaintiffs do not argue otherwise in their response brief. Defendants are thus entitled to summary judgment on Plaintiffs' claim for punitive damages.