FILED
MISSOULA, MT

2006 SEP 20   AM 10 51

PATRICK E. DUFFY

BY _____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| GABRIELLE WESCOTT, and <br> ANNABELLE HEASLEY, | ) <br> ) <br> ) | CV 05-130-M-LBE |
| Plaintiffs, | ) <br> ) <br> ) | |
| vs. | ) <br> ) | ORDER |
| NORTHWEST DRUG TASK FORCE, <br> FLATHEAD COUNTY SHERIFF, <br> FLATHEAD COUNTY ATTORNEY'S <br> OFFICE, KALISPELL POLICE <br> DEPARTMENT, WHITEFISH POLICE <br> DEPARTMENT, COLUMBIA FALLS POLICE <br> DEPARTMENT, MINERAL COUNTY <br> SHERIFF'S OFFICE, MINERAL COUNTY <br> ATTORNEY'S OFFICE, LAKE COUNTY <br> SHERIFF'S OFFICE, LAKE COUNTY <br> ATTORNEY, RONAN POLICE DEPARTMENT, <br> POLSON POLICE DEPARTMENT, <br> SANDERS COUNTY SHERIFF'S OFFICE, <br> HOT SPRINGS POLICE DEPARTMENT, <br> THOMPSON FALLS POLICE DEPARTMENT, <br> LIBBY POLICE DEPARTMENT, LINCOLN <br> COUNTY ATTORNEY, EUREKA POLICE <br> DEPARTMENT, DOES 1-100, LINCOLN <br> COUNTY SHERIFF'S OFFICE, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

United States Magistrate Judge Leif B. Erickson entered

Findings and Recommendation in this matter on June 5, 2006.

-1-

Plaintiffs did not file objections and are therefore not entitled
to de novo review of the record.   28 U.S.C. § 636(b)(1).   This
Court will review the Findings and Recommendation for clear
error.   McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,
656 F.2d 1309, 1313 (9th Cir. 1981).   Clear error exists if the
Court is left with a "definite and firm conviction that a mistake
has been committed."   United States v. Syrax, 235 F.3d 422, 427
(9th Cir. 2000).

Plaintiffs, Gabrielle Wescott and Annabelle Heasley, brought
suit against various local law enforcement agencies in connection
with the obtaining and execution of a search warrant for
Plaintiffs' residence.   Plaintiffs asserted claims for
negligence, negligent and intentional infliction of emotional
distress, and violation of the Fourth Amendment right to be free
from unlawful search and seizure under 42 U.S.C. § 1983.
Plaintiffs sought punitive damages.   Defendants moved for summary
judgment, or in the alternative, partial summary judgment.   Judge
Erickson recommended granting Lake County Defendants', Sanders
County Defendants', and the Northwest Drug Task Force's motion
for summary judgment on all Plaintiffs' claims except intentional
infliction of emotional distress.   Judge Erickson recommended
granting summary judgment on all claims for the remaining
Defendants.   I find no clear error in Judge Erickson's Findings
and Recommendation and therefore adopt them in full.   Because the

-2-

parties are familiar with the factual background, it will not be restated here.

Plaintiffs' negligence and negligent infliction of emotion distress claims fail because Defendants owed no duty to Plaintiffs to act in good faith in securing and executing the search warrant or to oversee the standards and activities of the Northwest Drug Task Force.  See Jackson v. Montana, 956 P.2d 35, 42 (Mont. 1998) (providing the existence of a duty is an element of negligence); Sacco v. High County Indep. Press, Inc., 896 P.2d 411, 425 (1995) (noting negligent act or omission of defendant is a prerequisite to a negligent infliction of emotional distress claim).  A governmental entity can be held liable for an individual plaintiff's injury resulting from a governmental officer's breach of a duty owed to the general public only in a few limited circumstances.  Nelson v. Driscell, 983 P.2d 972, 977-978 (Mont. 1999) (describing the four situations in which a special relationship between the victim and the governmental officer creates a duty).  None of those circumstances are present here.  Specifically, the statutes relied on by Plaintiffs do not create a special relationship because they protect all Montana citizens, not a specific class of persons from a particular type of harm.

Plaintiffs §1983 claim also fails.  Section 1983 does not permit suit against local governments based solely on the actions

of their employees or agents.  <u>Monell v. Dept. of Social Serv.</u>,
436 U.S. 658, 694 (1978).  Instead, a plaintiff must identify
some governmental policy or custom that inflicts injury.  <u>Id.</u>
Plaintiffs have not pointed to any such policy or custom in this
case.

Summary judgment is also properly granted to all Defendants
except Lake County, Sanders County, and the Northwest Drug Task
Force on Plaintiffs' intentional infliction of emotional distress
claim.  Defendants' motion for summary judgment was supported by
an affidavit asserting no Defendants except Lake County, Sanders
County, and the Northwest Drug Task Force participated in
applying for or executing the search warrant, the acts Plaintiffs
allege caused them severe emotional distress.  Plaintiffs did not
offer any evidence to rebut this assertion in their response to
Defendants' motion.

Finally, Plaintiffs are not entitled to punitive damages
because Defendants are immune from such damages under both state
and federal law.  <u>See</u> Mont. Code Ann. § 2-9-105; <u>City of Newport
v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271 (1981).

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Erickson's
Findings and Recommendation are adopted in full.  Lake County
Defendants', Sanders County Defendants', and the Northwest Drug
Task Force's motion for summary judgment on all Plaintiffs'

-4-

claims except intentional infliction of emotional distress is
GRANTED.   For all remaining Defendants, summary judgment is
GRANTED on all Plaintiffs' claims.

Dated this 10th day of September, 2006.

Donald W. Molloy, Chief Judge
United States District Court